UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| GISELA M. NAZARIO<br><br>Plaintiff,<br>v.<br><br>SHARINN & LIPSHIE, P.C., et al<br><br>Defendants. | Civil Action No.<br><br>2:19-cv-04604-SDW-SCM<br><br>**OPINION ON MOTION TO BIFURCATE DISCOVERY**<br><br>**D.E. 18, 19** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is an informal motion by Defendant Unifund CCR, LLC ("Unifund") to bifurcate class-discovery filed via the parties' joint discovery plan and joint dispute letter.[1] Plaintiff Gisela Nazario ("Ms. Nazario") opposes bifurcation. The Court decides the motion without oral argument.[2] For the reasons set forth herein, the motion to bifurcate will be **GRANTED** in part and **DENIED** in part.

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

The Complaint was filed on February 4, 2019, alleging individual and class action claims under the Fair Debt Collection Practices Act ("Fair Debt Act") against defendants Sharinn &

---

[1] (ECF Docket Entry No. ("D.E.") D.E. 18, 19). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] L. Civ. R. 78.1.

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

Lipshie, P.C., and Unifund.[4] Ms. Nazario alleges that (1) Unifund's purchase of the debts of Ms. Nazario and other class members was void under New Jersey law because they were bought from an unlicensed broker, and (2) that the particular debt collection practices used were misleading and violated the Fair Debt Act.

## II.     MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[5] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[6] A decision by a magistrate judge on non-dispositive matters such as a discovery dispute "is entitled to great deference and is reversible only for abuse of discretion."[7] That includes whether or not to stay discovery.[8]

---

[4] (D.E. 1, Complt).

[5] 28 U.S.C. § 636(b)(1)(A).

[6] L. Civ. R. 72.1(a)(1); 37.1.

[7] *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 63-64 (D.N.J. 1996); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

[8] *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure afford magistrate judges broad control over case schedules to expedite disposition of an action and to discourage wasteful pretrial activities.[9] Decisions to bifurcate discovery remain within the sound discretion of the court.[10] Courts only bifurcate discovery if there is some showing as to why bifurcation is appropriate.[11] Bifurcation "is appropriate to conduct controlled discovery ... limited to those aspects relevant to making the certification decision on an informed basis."[12] "Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of "fairness and efficiency."[13]

## IV. DISCUSSION

Here, the Court has considered the parties' respective submissions in determining whether bifurcation is appropriate. Unifund argues that class and other discovery should be bifurcated pending a summary judgment decision on whether its actions violated the Fair Debt Act and the New Jersey Consumer Finance Licensing Act. Ms. Nazario counters that bifurcation would be inefficient, unfair, and duplicative.

---

[9] Fed. R. Civ. P. 16(a).

[10] *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 258 (D.N.J.1997).

[11] *Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. CIV.A. 11-5474 FLW, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013).

[12] *Conner v. Perdue Farms, Inc.*, No. CIV.A. 11-888 MAS LH, 2013 WL 5977361, at *3 (D.N.J. Nov. 7, 2013) (quoting Fed.R.Civ.P. 23 Advisory Committee's Notes).

[13] *Id.* (quoting *In re Plastics Additives Antitrust Litigation*, 2004 WL 2743591, at *2 (E.D.Pa. Nov.29, 2004) (quoting Williamson Tobacco Corp., 959 F.2d 1566, 1570–71 (11th Cir.1992); see also Manual for Complex Litigation § 11.213 at 40 ("discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties").

The Court finds that fairness and efficiency favors allowing fact discovery as to Ms. Nazario (the putative representative) on all claims, as well as discovery for Fed.R.Civ.P. 23 class certification. Even if class certification is not granted, the fees and costs for engaging in this discovery will not have been expended needlessly because fact discovery specific to Ms. Nazario will still be needed for her to pursue the case in her individual capacity. But fairness and efficiency also favors deferring class merits discovery until a decision on certification has been made. If class certification is not granted, the fees and costs for engaging in that discovery would have been expended needlessly. For these reasons, the Court finds that judicial economy favors bifurcating discovery. Unifund's motion will be granted in part and denied in part.

Class merits discovery is deferred until a decision on certification. The Court notes that it will only allow one motion for summary judgement. When Ms. Nazario moves for class certification, Unifund may either seek leave to use its one motion then, or may save it until all discovery is complete.

An appropriate Order follows:

**ORDER**

**IT IS** on this Tuesday, January 14, 2020,

1. **ORDERED**, that Defendants' Unifund CCR, LLC's informal motion to bifurcate class-discovery is **GRANTED** in part and **DENIED** in part; and it is further

2. **ORDERED**, that fact discovery as to the putative class representative(s) and Fed.R.Civ.P. 23 class certification is to continue in accordance with the scheduling order; and it is further

3. **ORDERED**, that class merits discovery is deferred until a decision on certification; and it is further

4. **ORDERED**, that the January 16, 2020 telephone conference is adjourned to January 30, 2020 at 2:45 pm.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/14/2020 3:26:20 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File